Rodrigo Bozoghlian (State Bar No. 249732)
*rodrigo.bozoghlian@manningkass.com*
John Hochhausler (State Bar No. 143801)
*john.hochausler@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Plaintiff EMPIRE FIRE
AND MARINE INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GILBERT POGHOSYAN, an individual; SADAF SADEGHI, an individual; CESAR HILARIO PRADO BARRIOS, an individual; and DOES 1-100,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL** |

Plaintiff Empire Fire and Marine Insurance Company ("Empire") hereby alleges:

1.  This is an action for a declaratory judgment pursuant to 28 U.S.C. section 2201-2202. Plaintiff Empire seeks this Court's determination concerning the respective rights and obligations of the parties under an insurance policy issued by Empire to Defendant Hilario Barrios with respect to an underlying lawsuit brought by Defendants Gilbert Poghosyan and Sadaf Sadeghi against Barrios for an alleged

1

**COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL**

automobile accident. In addition, Empire seeks to recoup from the Defendants the fees and costs incurred by Empire to defend and indemnify Barrios against the Underlying Action which amounts are still being incurred as well as to recoup an additional $55,293.69 Empire paid to the insurer for the claimant vehicle.

## THE PARTIES

2. Plaintiff Empire is an Illinois corporation with its principal place of business in Illinois.

3. Defendants Gilbert Poghosyan, Sadaf Sadeghi and Cesar Hilario Prado Barrios are all individuals residing in the County of Los Angeles and citizens of the State of California.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a).

5. Poghosyan and Sadeghi seek damages in excess of $75,000 in the Underlying Action. Empire seeks monetary damages for the fees and costs it has already incurred to defend the Underlying Action which are in excess of $75,000 as well as all future fees and costs incurred as well as the $55,293.69 Empire paid to the insurer for the claimant vehicle. Therefore, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this District as the defendants reside in the County of Los Angeles and the alleged auto accident occurred in Los Angeles County.

## THE STAGED ACCIDENT

7. Barrios rented a car from Enterprise-Rent-A-Car Company of Los Angeles, LLC ("Enterprise"). As part of the rental transaction, Barrios purchased Supplemental Liability Protection ("SLP") from Enterprise and insured through Empire under policy no. RSI5525807-08 (the "policy").

8. Barrios, Poghosyan and Sadeghi assert that they were involved in a motor vehicle accident on April 26, 2020 with Barrios in the rented car striking a

Ferrari occupied by Poghosyan and Sadeghi on La Tuna Canyon Blvd near the 210 Freeway in Tujunga, County of Los Angeles, California. Empire is informed and believes that the accident was staged with the intent for the Defendants to file a fraudulent insurance claim with Empire.

9.  Among the evidence available so far that the accident was staged is the following:

 a. There are suspicious discrepancies and contradictions between Barrios' recorded statement to Empire's third-party administrator and his testimony during an examination under oath, including but not limited to the following:

- Barrios provided contradictory explanations as to the reasons to be driving at or near the location where the collision allegedly occurred;
- Barrios provided inconsistent reasons why he rented a vehicle from Enterprise;
- Barrios stated as one of the reasons to rent the vehicle from Enterprise was that at the time of the accident, his own vehicle was parked at his home with a leak; however, the vehicle search results showed that Defendant's vehicle was parked at a business address that was not his home;
- Barrios' description of his visibility immediately before the accident is inconsistent with the layout of the accident scene.

 b. Multiple indicators of organized fraud activity are present in this case, including amongst other, the following:

- The vehicle was rented on April 24, 2020, with a return date of April 27, 2020, and Barrios purchased from Enterprise a high liability limits policy for the rental vehicle most likely inconsistent with his employment, income, and/or lifestyle.
- The damages to Defendants' vehicles are inconsistent with the

**COMPLAINT FOR DECLARATORY RELIEF, FRAUD AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL**

- alleged speed and circumstances of the accident.
- The alleged accident occurred at night in an isolated area without much traffic.
- None of the Defendants contacted the police at the time of the accident despite one of the cars being involved, a Ferrari, worth about $100,000;
- Despite the alleged magnitude of the accident, Barrios has testified that the parties exchanged information for about 5-10 minutes and left the scene
- Barrios could not provide a consistent reason why he rented the vehicle;
- Barrios does not appear to have been truthful in his statements after the accident;
- The individual that picked up Poghosyan and Sadeghi from the accident scene lives at the same address as a close associate of Barrios.

10. Poghosyan and Sadeghi filed a lawsuit against Barrios in the Los Angeles Superior Court case number 21STCV15714 for damages they claimed they sustained in the staged accident (the "Underlying Action"). Empire is defending Barrios against the Underlying Action under a reservation of rights. Empire sought leave of the Superior Court to intervene in the Underlying Action but the Superior Court denied Empire's request.

## FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF
### (Against All Defendants)

11. Plaintiff re-alleges and incorporates all preceding paragraphs into this claim for relief as though set out in full herein.

12. Plaintiff asserts that the alleged accident was staged and therefore, there is no coverage for the Underlying Action under the Empire insurance policy.

Defendants assert that the accident was not staged and therefore, there is coverage for the accident.

13. Furthermore, the Policy provides in pertinent part: Section 1 – Liability Insurance, A. <u>Coverage</u>, section 1: this policy provides excess auto liability insurance and only applies to a "loss" involving "bodily injury" and "property damage" caused by an "accident" and from the use of a covered "rental vehicle".

14. Plaintiff asserts that any alleged bodily injury or property damage was not caused by an accident.

15. As such, a present and actual controversy exists between Defendants and Plaintiff. Plaintiff seeks a declaration that there is no coverage under the Empire policy for the Underlying Action and that it is entitled to withdraw its defense of Barrios against the Underlying Action.

## SECOND CLAIM FOR RELIEF FOR FRAUD
### (Against All Defendants)

16. Plaintiff re-alleges and incorporates all preceding paragraphs into this claim for relief as though set out in full herein.

17. Defendants falsely represented that the accident was real when in fact it was staged. At the time that Defendants made these representations and/or omissions, Defendants knew that said representations were false and intended that Plaintiff would rely thereon to induce Plaintiff to provide coverage for the Underlying Action.

18. These misrepresentations and/or omissions were material to Plaintiff's agreement to defend Barrios against the Underlying Action.

19. As a result of these fraudulent misrepresentations and omissions, Plaintiff paid the insurer for the claimant vehicle for property damage in the amount of $55,293.69.

20. Furthermore, Plaintiff incurred fees and costs to process the insurance claim and to defend Barrios against the Underlying Action.

21. These fees and costs are ongoing. As of the date of the filing of this Complaint these fees and costs exceed $22,000.00.

22. By engaging in intentional insurance fraud, Defendants have acted with oppression, fraud and malice entitling Plaintiff to an award of punitive damages.

## THIRD CLAIM FOR RELIEF FOR UNJUST ENRICHMENT
### (Against All Defendants)

23. Plaintiff re-alleges and incorporates all preceding paragraphs into this claim for relief as though set out in full herein.

24. Defendants unjustifiably received the benefits of the Empire policy by staging the accident. Defendants have wrongfully retained these insurance benefits. It would be unjust and unconscionable to permit Defendants to be enriched at Empire's expense. As such Empire is entitled to recoup from Defendants the reasonable value of all of the insurance benefits paid.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For monetary damages in an amount to be determined at trial but exceeding $77,293.69.

2. For a declaration that there is no defense or indemnity owed to Defendants under the Empire policy including no monies owed to satisfy minimum financial liability for the Underlying Action;

3. For punitive damages;

4. For costs of suit; and

5. For such other and further relief as the court deems just and proper.

///
///

| | |
|---|---|
| DATED:  March 31, 2023 | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP**<br><br>By: _____<br>Rodrigo Bozoghlian<br>John Hochhausler<br>Attorneys for Plaintiff,<br>EMPIRE FIRE AND MARINE<br>INSURANCE COMPANY |

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

| | |
|---|---|
| DATED:  March 31, 2023 | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP**<br><br>By: _____<br>Rodrigo Bozoghlian<br>John Hochhausler<br>Attorneys for Plaintiff,<br>EMPIRE FIRE AND MARINE<br>INSURANCE COMPANY |