John Hochhausler (State Bar No. 143801)
    jmh@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Plaintiff EMPIRE FIRE AND MARINE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GILBERT POGHOSYAN, an individual; SADAF SADEGHI, an individual; CESAR HILARIO PRADO BARRIOS, an individual; and DOES 1-100,<br><br>Defendants. | **Civil Action No. 2:23-cv-02403 SPG (MARx)**<br><br>(*Assigned for all purposes Hon. Judge Sherilyn Peace Garnett*)<br><br>**APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>DATE:  May 22, 2024<br>TIME:  1:30 p.m.<br>CRTM:  5C |

NOTICE IS HEREBY GIVEN that on May 22, 2024, at 1:30 PM, in Courtroom 5C of the above referenced court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Empire Fire and Marine Insurance Company will present its application for a default judgment against defendant Cesar Barrios on Plaintiff's First Amended Complaint. The Court previously entered the default of said Defendant on December 12, 2023 (Docket #64).

At the time and place of the hearing, Plaintiff will present proof of the

following matters:

1. Defendant Cesar Barrios is not a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

2. Notice of this application was served on Barrios through the ECF system as required by FRCP 55(b)(2) and Local Rule 55-1;

3. Plaintiff is entitled to judgment against said defendant on account of the claims pleaded in the First Amended Complaint;

4. The amount of the judgment sought is the sum of $77,293.69 along with a declaration that Plaintiff has no duty to defend Barrios against any lawsuits arising out of the accident.

This Application is based on this Notice, the attached declarations of Kelsie Featherstone and John Hochhausler, and the pleadings, files and other matters that may be presented at the hearing.

DATED: April 12, 2024     **MANNING & KASS**
                                        **ELLROD, RAMIREZ, TRESTER LLP**

By: _____
John Hochhausler
Attorneys for Plaintiff,
EMPIRE FIRE AND MARINE INSURANCE COMPANY

**APPLICATION FOR DEFAULT JUDGMENT BY COURT**

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES……….……………………..………1

I.  STATEMENT OF FACTS……..……………………………………………….………..1

II.  LIABILITY IS ESTABLISHED BY THE DEFAULT OF BARRIOS………..…………….1

III.  PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT……………………………….2

IV.  CONCLUSION……………………………………………………………………...3

DECLARATION OF JOHN HOCHHAUSLER……………………….……………...........4

DECLARATION OF KELSIE FEATHERSTONE…………………………………………5

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

This action arises out of an automobile accident. Defendant Cesar Barrios rented a car from Enterprise Rent-A-Car and purchased supplemental liability protection through Plaintiff Empire Fire and Marine Insurance Co. Barrios claims that while driving the rented car, he struck a Ferrari occupied by Defendants Gilbert Poghosyan and Sadaf Sadeghi. Poghosyan and Sadeghi filed suit against Barrios in the Los Angeles Superior Court case number 21STCV15714 (the "underlying State Court Action"). Empire defended Barrios against the underlying State Court Action under a reservation of rights. Poghosyan and Sadeghi dismissed the underlying State Court lawsuit on January 3, 2024 (after this action was pending).

Plaintiff Empire asserts that Barrios intentionally caused the accident as part of a scheme to commit insurance fraud. Empire filed this action on March 31, 2023, seeking a declaration that there is no coverage for the accident under the Empire insurance policy and to recoup from Barrios the attorney's fees and costs it incurred to defend the underlying action and what it paid for repairs to the Ferrari. (Complaint Docket 1; and First Amended Complaint Docket 42). Barrios' default in this Action was entered on December 12, 2023 based on his failure to participate in this case. (Docket 64).

## II.   LIABILITY IS ESTABLISHED BY THE DEFAULT OF BARRIOS

Upon default, the well pled allegations of the complaint related to liability are taken as true (but not allegations as to the amount of damages). *TeleVideo Systems Inc. v. Heindenthal* (9the Cir. 1987) 826 F.2d 915, 917-918; Rutter Guide, *Federal Civil Procedure Before Trial*, para 6:92. Here, the operative first amended complaint alleges that Barrios staged the accident in order to submit a fraudulent insurance claim thereby establishing liability (Docket 42 paras. 7-14).

///

///

### III. PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT

The operative First Amended Complaint (Docket 42) asserts claims for relief for: 1) Declaratory Relief; 2) Fraud; and 3) Unjust Enrichment. The prayer for relief seeks:

> 1. For monetary damages in an amount to be determined at trial but exceeding $77,293.69.
>
> 2. For a declaration that there is no defense or indemnity owed to Defendants under the Empire policy including no monies owed to satisfy minimum financial liability for the Underlying Action.
>
> 3. For punitive damages
>
> 4. For costs of suit; and
>
> 5. For such other and further relief as the court deems just and proper.

Plaintiff seeks through this requested default judgment a declaration that it has no duty to defend Barrios against any lawsuits arising out of the accident because the accident was staged. Such declaratory relief is appropriate. Rutter Guide, *Insurance Litigation,* para 15:160 *et seq.* Plaintiff seeks through this application $77,293.69 in monetary damages consisting of two amounts: 1) $55,293.69 that Plaintiff paid the insurer for the Ferrari for property damage (First Amended Complaint para. 23) and $22,000 for attorney's fees defending Barrios against the underlying State Court Action.[1] (First Amended Complaint paras. 24-25)  Plaintiff does not seek through this application the punitive damages it requested in the complaint.

### IV. CONCLUSION

Based on the above, Plaintiff requests that the Court enter a default judgment against Barrios.

///

---

[1] As of the filing of this application, the fees Plaintiff paid to defend Barrios against the underlying State Court Action exceeds $22,000, but Plaintiff only seeks through this requested default judgment the $22,000 asserted in the Complaint.

DATED: April 12, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____
John Hochhausler
Attorneys for Plaintiff,
EMPIRE FIRE AND MARINE
INSURANCE COMPANY

# DECLARATION OF JOHN HOCHHAUSLER

1. I, John Hochhausler, am an attorney duly admitted to practice before this Court. I am a partner with the law firm Manning & Kass counsel for Plaintiff in his action. If called as a witness, I could and would competently testify to all facts within this Declaration which are from my own personal knowledge.

2. In compliance with Local Rule 55-1:

(a) On December 12, 2023 the default of defendant Cesar Barrios' was entered. (Docket 64).

(b) The default was entered on Plaintiff's First Amended Complaint.

(c) Defendant Cesar Barrios is neither an infant nor an incompetent person.

(d) The Servicemembers Civil Relief Act (the "Act") does not apply. The Act only applies to actions in which the defendant has not made an appearance. (50 USC App. section 521(a)). Defendant Barrios has appeared in this action and therefore, the Act does not apply. I am unable to determine definitively whether or not Defendant Cesar Barrios is in the military service but there has been no indications whatsoever that he is in the military service.

(e) Notice of this application will be served on Barrios through the ECF system as required by FRCP 55(b)(2) and Local Rule 55-1.

3. I checked the Superior Court's docket and Poghosyan and Sadeghi dismissed the underlying State Court lawsuit on January 3, 2024.

I declare under the penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on April 12, 2024 at Los Angeles, California.

_____
John Hochhausler

## DECLARATION OF KELSIE FEATHERSTONE

1. I, Kelsie Featherstone, am the Special Investigator assigned to investigate the accident giving rise to this lawsuit on behalf of Plaintiff Empire Fire and Marine Insurance Company. If called as a witness, I could and would competently testify to all facts within this Declaration which are from my own personal knowledge.

2. As part of my job responsibilities I investigated the automobile accident giving rise to this lawsuit. There is substantial evidence that the accident was staged as summarized in the First Amended Complaint paras. 7-14.

3. Plaintiff defended Barrios against the underlying State Court Action under a reservation of rights until that lawsuit was dismissed. Prior to filing the Complaint in this action, Plaintiff had paid counsel it retained to defend Barrios in excess of $22,000 to defend Barrios. Prior to filing the Complaint in this action Plaintiff paid the insurer for the Ferrari $55,293.69 for the damage to the Ferrari.

I declare under the penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on February 16, 2024 at Maricopa County, Arizona.

*Kelsie Featherstone*
Kelsie Featherstone

---
5
**APPLICATION FOR DEFAULT JUDGMENT BY COURT**